**Mildred SWETT**

**v.**

**ESTATE OF Joseph J. WAKEM**

**and**

**Barbara TRUDEL**

**v.**

**ESTATE OF Joseph J. WAKEM.**

Supreme Judicial Court of Maine.

Argued March 7, 1985.

Decided April 12, 1985.

Sage, Ayoob & Langley by Lawrence D. Ayoob (orally), Fort Fairfield, for Josephine Bell.

Bernard G. O'Mara (orally), Presque Isle, for defendants.

Before McKUSICK, C.J., and NICHOLS, VIOLETTE, WATHEN, GLASSMAN and SCOLNIK, JJ.

GLASSMAN, Justice.

The estate of Joseph J. Wakem, represented by its personal representative, appeals from a judgment of the Aroostook County Probate Court allowing the claims of Barbara Trudel and Mildred Swett against the estate. We grant the appeal.

Joseph J. Wakem died intestate in Caribou on April 11, 1982. The Probate Court appointed the decedent's sister, Josephine W. Bell, personal representative (PR) of the estate. Notice to creditors was duly published pursuant to 18–A M.R.S.A. § 3–801 (1981). Mildred Swett and Barbara Trudel (claimants) filed claims against the estate in the Probate Court within the four month period of limitation provided by 18–A M.R.

S.A. § 3–803(a)(1) (1981). The PR did not furnish notice to the claimants of either allowance or disallowance of their claims.

Almost a year after filing their claims, the claimants filed petitions for allowance of their claims. The PR filed replies to the claimants' petitions, denying the allegations contained in the petitions and specifically denying that the claimants had lent money to the decedent. After hearing, the Probate Court ordered the claims allowed on the basis that the PR's failure to file notices of disallowance within 60 days after the expiration of the four month claim period amounted to a notice of allowance of the claims under 18–A M.R.S.A. § 3–806(a)[1] and the PR was therefore not entitled to contest the claims on their merits.

The PR contends on appeal that, by failing to give the claimants notice of action on their claims, the resulting "effect of a notice of allowance" under section 3–806(a) does not constitute a conclusive presumption of the validity of the claim and, therefore, she is entitled to a hearing on the merits of the claims.

The claimants counter that the result advocated by the PR is contrary to the purposes and policies of the Code, specifically, "to promote a speedy and efficient system for liquidating" and distributing estates. See 18–A M.R.S.A. § 1–102(b)(3) (1981). The claimants protest that an interpretation of the Code allowing the PR to contest a claim after taking no action on it for over a year would thwart these stated goals. Without alleging any prejudice to their own claims, the claimants declare that by permitting a PR an unlimited time to change his mind after allowing a claim, a claimant's cause could be prejudiced by the difficulty of procuring evidence at a later date. The claimants therefore urge us to adopt the Probate Court's view that the last sentence of section 3–806(a) establishes an automatic and conclusive allowance 60 days after the four month claim period has run. We reject the claimants' argument.

The Probate Code clearly places no time limitation on when a PR must respond to claims. See J. Mitchell, *Maine Probate Manual* 294 (1983) (PR faces no time limit except end of his administration but should try to respond to claims within 60 days). Indeed, section 3–806(a) does not require a personal representative to respond at all, stating that he *"may* furnish a notice" of disallowance. The final sentence of the section merely establishes that a presumption of allowability arises from a personal representative's failure to take action on a claim within the stated time.

Had the legislature intended the provision to have the consequence advocated by the claimants, instead of providing "the personal representative may furnish a notice" and "has the effect of a notice of allowance," the legislature could have employed the language used in section 5–428, which governs claims against protected persons. That section provides in relevant part:

> A presented claim *is allowed if it is not disallowed by written statement* mailed

---

1. The Probate Code section on allowance of claims provides:

   As to claims presented in the manner described in section 3–804 within the time limit prescribed in section 3–803, the personal representative may furnish a notice to any claimant stating that the claim has been disallowed. If, after allowing or disallowing a claim, the personal representative changes his decision concerning the claim, he shall notify the claimant. The personal representative may not change a disallowance of a claim after the time for the claimant to file a petition for allowance or to commence a proceeding on the claim has run and the claim has been barred. Every claim which is disallowed in whole or in part by the personal representative is barred so far as not allowed unless the claimant files a petition for allowance in the court or commences a proceeding against the personal representative not later than 60 days after the mailing of the notice of disallowance or partial allowance if the notice warns the claimant of the impending bar. *Failure of the personal representative to furnish notice to a claimant of action on his claim for 60 days after the time for original presentation of the claim has expired has the effect of a notice of allowance.*

   18–A M.R.S.A. § 3–806(a) (1981) (emphasis added).

by the conservator to the claimant within 60 days after its presentation.

18-A M.R.S.A. § 5-428(a) (1981) (emphasis added); *see* Mitchell, *supra,* at 438 (claim against decedent's estate only "treated as allowed" if not answered in 60 days; claim against protected person's estate is in fact allowed as a matter of law).

Nor do we accept that claimants are prejudiced by the possibility of having to prove stale claims. The Code makes a claimant the master of his own fate. If such a period of time elapses without action on his claim that a claimant becomes concerned, he can, as did the claimants in this case, file a petition for allowance. Section 3-807(a) (1981) provides:

Upon the expiration of 4 months from the date of the first publication of the notice to creditors, the personal representative shall proceed to pay the claims allowed against the estate in the order of priority prescribed, after making provision for homestead, family and support allowances, for claims already presented which have not yet been allowed or whose allowance has been appealed, and for unbarred claims which may yet be presented, including costs and expenses of administration. By petition to the court in a proceeding for the purpose, or by appropriate motion if the administration is supervised, a claimant whose claim has been allowed but not paid as provided herein may secure an order directing the personal representative to pay the claim to the extent that funds of the estate are available for the payment.

18-A M.R.S.A. § 3-807(a) (1981); *see* 18-A M.R.S.A. §§ 3-804(2) & 3-806(b) (1981); M.R.Prob.P. 80B(c).

We hold the Probate Court erred in its interpretation of section 3-806(a) and therefore remand for hearing on the merits of the claims.

The entry is:

Judgment vacated. Remanded to the Aroostook County Probate Court for further proceedings consistent with the opinion herein.

All concurring.